

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2004

# Greene Guilford Env v. Wykle

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2525

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Greene Guilford Env v. Wykle" (2004). *2004 Decisions.* Paper 876.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/876

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2525

_____

GREENE/GUILFORD ENVIRONMENTAL ASSOCIATION, a non-profit corporation
incorporated under the laws of the Commonwealth of Pennsylvania; CITIZENS FOR PLANNED
COMMUNITY GROWTH, an unincorporated association organized under the laws of the
Commonwealth of Pennsylvania; PAUL B. AMBROSE; JOHN G. ENDERS; CHARLES F.
RAHAUSER; BETSY RAHAUSER; DOUGLAS A. WARNOCK; U.X. VAGNERINI;
THOMAS W. BUNDY; STEPHEN P. BUCHER; ROBERT J. ROBERTSON; JAMES A.
STRITE, JR.  and DAVID A. GUTHRIE,

Appellants

v.

KEN WYKLE, Administrator, Federal Highway Administration; ROBERT GATZ, Federal
Highway Administration

BRADLEY L. MALLORY, Secretary for the Department of Transportation, Commonwealth of
Pennsylvania,

Intervenor in District Court

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 1:CV-01-0910)
District Judge:  Honorable Christopher C. Conner

_____

BEFORE: SLOVITER, NYGAARD, <u>Circuit</u> <u>Judges</u>.
and SHADUR,[*] <u>District Judge</u>.


(Filed                                        )


_____


OPINION OF THE COURT

_____


SHADUR, <u>District</u> <u>Judge</u>.

Greene/Guilford Environmental Association, Citizens for Planned Community Growth and eleven individual plaintiffs (collectively "Greene/Guilford," treated as a singular noun) filed a complaint in the Middle District of Pennsylvania to seek review of a decision by the Federal Highway Administration ("Administration") that had approved the construction of a highway interchange on Interstate 81 near Chambersburg, Pennsylvania. Greene/Guilford urged the District Court to set aside the Administration's decision as arbitrary and capricious or as an abuse of discretion because, according to Greene/Guilford, (1) the approval process did not comport with the requirements set forth in the National Environmental Policy Act ("NEPA," 42 U.S.C.

---

[*]    Honorable Milton I. Shadur, Senior District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

§4321) and the National Historic Preservation Act, 16 U.S.C. §470f,[1] and (2) the construction project failed to meet the specific goals of the congressional appropriation, Pub. L. No. 100–17 §149(a)(74), 101 Stat. 132 (Apr. 2, 1987).

After both sides moved for summary judgment, the District Court granted judgment in the Administration's favor. Greene/Guilford has timely appealed, claiming that the summary judgment was wrongly decided and that the District Court made several errors on discovery motions. We have jurisdiction under 28 U.S.C. §1291, and we affirm the decision of the District Court for the reasons set forth in this opinion.

Because we write this opinion primarily for the parties, who are already familiar with the case, we need not spend time covering the well-worn factual background. And because we find that District Judge Conner's extended memorandum opinion evaluates NEPA's procedural requirements thoroughly and properly, and then correctly concludes that the Administration's decision approving the construction project was not arbitrary, capricious or an abuse of discretion, we adopt that opinion in full. After evaluating the administrative record ourselves, we agree that the administrative record adequately demonstrates that the Administration considered all of the relevant factors before making its decision, and we find Judge Conner's reasoning persuasive on each of Greene/Guilford's arguments on appeal as to the summary judgment ruling.

---

[1] Because Greene/Guilford does not raise any issues on appeal predicated on the National Historic Preservation Act, we make no further reference to that statute.

That leaves Greene/Guilford's challenges relating to discovery, which we review for abuse of discretion (Williams v. Morton, 343 F.3d 212, 222 (3d Cir. 2003)). To succeed on appeal Greene/Guilford must demonstrate that the District Court's rulings were "arbitrary, fanciful or clearly unreasonable" (cf. Ansell v. Green Acres Contracting Co., 347 F.3d 515, 519 (3d Cir. 2003)). Greene/Guilford fails to show that either of the two discovery decisions it challenges--(1) the District Court's decision to deny additional discovery from the Pennsylvania Department of Transportation ("PennDOT")[2] and (2) the decision to consider affidavits from the Administration--amounts to an abuse of discretion.

As for the denial of additional discovery, judicial review of an administrative decision is generally limited to the administrative record "except when there has been a 'strong showing of bad faith or improper behavior' or when the record is so bare that it prevents effective judicial review" (Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998), quoting Citizens To Preserve Overton

---

[2]    Although PennDOT was not named as a defendant, the District Court granted its motion to intervene on November 20, 2001.  Neither party argues (and we need not decide) whether PennDOT's motion to intervene was proper, for we have jurisdiction to evaluate Greene/Guilford's claims against the Administration in any event.  But we observe that there is some disagreement between circuits as to whether intervenors must demonstrate standing to intervene under Fed. R. Civ. P. 24 (contrast, e.g., City of Cleveland v. Nuclear Regulatory Comm'n, 17 F.3d 1515, 1517 (D.C. Cir. 1994) with Associated Builders & Contractors v. Perry, 16 F.3d 688, 690 (6th Cir. 1994)).  On that score see Juliet Johnson Karastelev, Note, On the Outside Seeking In: Must Intervenors Demonstrate Standing To Join a Lawsuit?, 52 Duke L.J. 455 (2002).

Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971)).  Greene/Guilford first argues that the evidence in the record reflects bad faith and improper behavior, so that it should have been permitted to conduct further discovery.  But our review of the record evidence that Greene/Guilford cites to support its position has led us to conclude that the evidence simply does not reflect a "strong showing of bad faith," so that the District Court did not abuse its discretion by refusing additional discovery.

Greene/Guilford also attempts to get at the same point by arguing that the District Court could not conduct an effective review without PennDOT correspondence and internal e-mails.  But in that respect Greene/Guilford ignores that it was the Administration--and not PennDOT--that made the ultimate decision to approve the construction project that forms the basis for this review.  And the administrative record need include only the materials that were before the decision-making agency at the time the decision was made (James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1095 (D.C. Cir. 1996)).  Here Greene/Guilford has not presented any evidence to demonstrate that the e-mails and other discovery it sought from PennDOT were considered by the Administration when it approved the construction project.

In sum, the District Court did not abuse its discretion by denying additional discovery.  That facet of Greene/Guilford's appeal, like its appeal as to the summary judgment ruling itself, also fails.

Finally, under the circumstances of this case, the District Court also did not

5

abuse its discretion by allowing affidavits that were not part of the administrative record to be submitted for its review. Although Overton Park, 401 U.S. at 420 teaches that such "post hoc rationalization" does not suffice to explain agency action and should be viewed critically, the Supreme Court has later stated that extra-record evidence can facilitate judicial review by providing added explanation of the reasons for decision (Camp v. Pitts, 411 U.S. 138, 142-43 (1973)(per curiam)). Accord, such cases as Lewis v. Babbitt, 998 F.2d 880, 882 (10th Cir. 1993).

Greene/Guilford contends that the District Court relied solely on the affidavits when concluding that the Administration did consider potential traffic changes in permitting the new project location to go forward. But that assertion is just false. Thus the opinion below cites to the Administration's Reevaluation of the Final Environmental Impact Statement (App. 1525), which contained a section that discussed the potential effect on traffic and transportation systems of moving the construction site 412 meters (approximately 1350 feet) and concluded that there were no significant differences between the new and the previously selected location (App. 1546). In addition, the District Court's opinion cited to the conclusions from the Administration's supplemental traffic studies conducted in May 1995 (App. 469) and June 1998 (App. 1449). Hence the District Court also did not abuse its discretion by permitting the affidavits to be submitted to explain those studies and conclusions.

We conclude, then, that Greene/Guilford (1) has failed, for the reasons

6

discussed in the opinion below, to demonstrate that the Administration acted arbitrarily or capriciously or abused its discretion by approving the construction project at issue and (2) has also failed to show that the District Court abused its discretion in dealing with the discovery issues discussed here. We therefore affirm the District Court's order granting summary judgment in favor of the Administration and against Greene/Guilford. Finally, this affirmance moots Greene/Guilford's recently filed motion for injunctive relief enjoining the construction of the interchange at issue pending disposition of its appeal.